## 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓.

### MILLER v. SMOOT.

#### SEPTEMBER 17th, 1890.

EQUITABLE JURISDICTION AND RELIEF—*Cancellation—Case at bar.*—Where special commissioner sells land on terms other than those prescribed in decree of sale, and without reporting his proceedings and obtaining confirmation, conveys the land to purchaser, though six months later the court does confirm the sale and deed: *held*, a bill will lie to cancel the deed as void *ab initio.*

Argued at Richmond.   Decided at Staunton.

Appeal from decree of circuit court of Lancaster county rendered March 28, 1889, in a chancery cause wherein the appellant, James R. Miller, was complainant, and A. K. Smoot, and Cecilia A., his wife, and B. Smoot were defendants. The decree dismissed the bill with costs. Opinion states the case.

*Ball & Mayo,* for the appellant.

*William A. Jones,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The prayer of the bill is limited to the one object of a judicial determination of the nullity of a certain paper, purporting to be a deed from one B. H. Robinson, a commissioner of sale of the circuit court of Lancaster county, conveying a tract of

397 acres of land, belonging to the complainant (appellant here), Miller, to B. B. Smoot, trustee for Cecilia A. Smoot, wife of A. K. Smoot; which said paper the bill charges to be an absolute nullity, *per se*, and also to have been made in and by fraud. The object and character of a suit is according to the relief asked for; and the only relief sought by the bill filed in this case is that a certain deed (alleged to be void) of March 21, 1881, be adjudged null and void by the circuit court. The petition for appeal states that the bill in this suit was filed, not as a bill of review, or for discovery, but as an original bill, for the single purpose of a judicial enunciation of the aboriginal nullity of this paper as a deed. The bill gives a history of this paper, purporting on its face to be a deed, and the narrative shows the true nature and character of the paper, which narrative is not denied by answer, and is admitted by the demurrer. The bill states that James R. Miller (appellant), a resident of Lancaster county, Va., on the 12th day of June, 1870, executed his deed, in which he declared that he, a householder and head of a family, intended to claim his "homestead exemption" in certain property therein designated and set apart, to-wit, a tract of land called "Holly Hall," on which he resided, containing 390 acres, of the value of $4 per acre, or $1,560 in all, and certain personalty named, which, with the land, amounted to the value of $1,970. After the making and recording of this "homestead deed," A. K. Smoot recovered judgment against said Miller, in the circuit court of Lancaster county, on a bond for $473 12, in which bond there was no waiver of homestead exemption. Execution on this judgment issued, and was returned, "No property", in 1879. Whereupon the judgment creditor, A. K. Smoot, filed his bill against said Miller, in the circuit court of Lancaster county, asking for a sale of "the remainder" in the homestead of Miller; and the said circuit court decreed the sale of "the remainder in the homestead of James Miller," on the terms of cash enough to pay the costs and expenses, and the residue in one,

two and three years, on bond and personal security, payable to
the commissioner, who shall report his proceedings to the
court.    One B. H. Robinson was appointed commissioner of
sale, and required to give bond in the penalty of $200.    This
commissioner, Robinson, sold not "the remainder of the home-
stead", but the entire tract, in fee, to B. B. Smoot, trustee for
Cecilia Smoot, wife of A. K. Smoot, for $450, cash in hand
paid; and without making any report of sale to the court, and
without confirmation of the sale or a decree of the court for a
deed, the said commissioner of sale executed, on March 21, 1881,
the paper, purporting to be a deed, conveying to B. B. Smoot,
trustee of Cecilia A. Smoot, wife of A. K. Smoot, in consideration
of $450, paid in hand, the entire tract of land of 397 acres, in fee
simple absolute, by metes and bounds, in trust, to be held for
her, to be used and enjoyed, with power in her to dispose of the
entire fee-simple title in and to the whole of the said tract of
397 acres by deed or will.    Six months after this procedure,
to-wit, on the 20th day of September, 1881, the circuit court
made the decree complained of, reciting that "the land in
question" had been publicly sold for $450, which was fully
paid by B. B. Smoot; that B. H. Robinson, the commissioner of
sale, who made the sale, had made to said B. B. Smoot, trustee,
the said deed of March 21, 1881.    And the court then pro-
ceeded to confirm the sale and the deed, which had been made
six months before, and without appointment or authority of
court, by B. H. Robinson, and to order the suit of Smoot
against Miller to be stricken from the docket.    These proceed-
ings are all set out in the bill, and the sole object of the bill,
and the sole object of the suit, is to have this so-called deed of
March 21, 1881, vacated, and declared void and of none effect
by the court.    The defendants (appellees here) never answered,
but on the 28th of March, 1889, they, by counsel, demurred
generally to the bill; and the circuit court of Lancaster county,
on the same day, by its decree, sustained the demurrer, and
dismissed the bill, with costs.

The sole question presented by this appeal, is whether the circuit court erred in sustaining the demurrer, and in dismissing the bill; and that question turns on whether the bill was, in fact, a bill of review, seeking to revise and change the former judgment of the court in the suit of Smoot against Miller, or was an original bill, to assert a right existing and undetermined at the time of the filing of the bill. The only relief asked, is that the deed of March 21, 1881, made by Robinson, the commissioner of sale, without authority of court, shall be declared null and void, and be vacated by the court. The bill does not ask any review or change of the proceedings in the suit of Smoot against Miller; and all the reference to the proceedings in that suit is simply a narrative to show that they did not warrant or validate the unauthorized deed. The said deed of March 21, 1881, is null and void, *ab origine,* as a conveyance of any title in the three hundred and ninety-seven-acre tract of land. It was made six months before any sale was consummated or reported, and by a grantor who had no shadow of title in him, or authority of court delegated to him to convey; and it purports to convey the fee-simple title in and to the entire estate, instead of only "the remainder of the homestead," whatever that may mean. Robinson, the grantor, was simply the agent to contract for a sale of "the remainder of the homestead" of James R. Miller, in the three hundred and ninety-seven-acre tract, specified in the decree appointing him a commissioner of sale. The title was in the court, and it was not delegated to the commissioner of sale, and could be conveyed only by the deed of such an officer of the court as it should appoint to transfer the title, which could be done only by the court after the sale had been duly reported and confirmed; and the court could not, by a mere affirmance, make a paper which, in fact and in law, was a nullity, a deed competent to convey the fee-simple title to the three hundred and ninety-seven-acre tract of land, out of and away from Miller. The commissioner of sale is not necessarily the same person whom the court may

appoint to convey the title, and make the deed to the purchaser. The paper called a "deed," of March 21, 1881, is but a blank, and has never been anything else. The decree confirming it could not convert it into a valid and proper deed, and the title to the three hundred and ninety-seven-acre tract of land is in Miller; and all the prayer of the bill is to have the cloud of this so-called and invalid deed removed from his existing title. To obtain this construction and relief, is the object of the bill, which presents a case which can be maintained. The demurrer ought to have been overruled. The decree complained of must be reversed; and the cause having been submitted to this court on the record, it will proceed to render such decree as the circuit court ought to have rendered—that the demurrer be overruled, and the paper of March 21, 1881, purporting to convey the fee-simple title to the three hundred and ninety-seven-acre tract of land to B. B. Smoot, trustee, is hereby vacated and annulled.

DECREE REVERSED.